UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:04CR116 CDP |
| | ) | |
| CONSTANTINO | ) | |
| RODRIGUEZ-MENDIOLA, | ) | |
| | ) | |
| Defendant. | ) | |

# **MEMORANDUM AND ORDER**

Defendant Constantino Rodriguez-Mendiola has filed a motion for modification of sentence under 18 U.S.C. § 3582(c)(2). He argues that he should receive a lower sentence because of Amendment 709 to the United States Sentencing Guidelines, which he claims should be retroactively applied and would result in a lower criminal history category. Because defendant has already been resentenced to account for the lower criminal history category, however, this argument is moot.

Defendant has four alcohol-related driving convictions, all of which resulted in sentences of probation ranging from two to five years. He was correctly assessed one criminal history point for each of these convictions under United States Sentencing Guidelines § 4A1.1(c) and § 4A1.2(c)(1), for a total of four

points.  The offense of conviction in this case began at least as early as July of 2003.  At that time probation violation warrants were outstanding from two of defendant's terms of probation.  Two points under § 4A1.1(d) were thus properly assessed, for a total of six points, resulting in a criminal history score of III.

Although the presentence report concluded that he had a total of seven criminal history points for a criminal history category of IV, after his initial sentencing the Probation Office informed me that the calculation was in error, and that he should have only had six points, and been in a criminal history category III.  This was because § 4A1.1(c) allows only a total of four points to be added, even if there are more than four convictions earning one point under that provision.  The presentence report had incorrectly added a point for a 2002 shoplifting conviction.  After consulting with counsel for the government and for defendant, I entered an amended judgment reducing his sentence to 135 months.  This was the bottom of the guidelines range for a total offense level 31 with criminal history category III.

Defendant now argues that Sentencing Guidelines 709 should be applied retroactively, and would reduce his criminal history even further.  This is not correct.  Each of the four alcohol-related traffic offenses was properly assessed one point, because each resulted in a term of probation exceeding one year.  He was on probation at the time of the instant offense, so he had six criminal history

points. Defendant's sentence has thus already been reduced as far as it legally can be reduced, and Amendment 709, even if it were retroactive and even if it applied to his shoplifting conviction, cannot provide him any further benefit.

There is no basis for reducing the sentence in this case further.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for reduction of sentence [#78] is denied.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 26th day of Ma y, 2009.